IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RICKY E. SCHALSKI, II                                                                 PLAINTIFF

v.                            Civil No. 06-2047

WHIRLPOOL CORPORATION                                                    DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Ricky E. Schalski, II, brings this pro se action pursuant to Title VII. His complaint was filed in forma pauperis (IFP) and it is now determined whether it should be served upon the defendant.

On May 8, 2006, the undersigned entered an order (Doc. 4) directing the plaintiff to sign and return an addendum to his complaint. On May 31, 2006, the addendum was filed (Doc. 5).

### I. Background

Schalski worked for Whirlpool Corporation from March 8, 1999, until June 14, 2005. *Addendum* at ¶ 1. He was terminated on June 14, 2005. *Id.* at ¶ 2.

Schalski was asked to state he believed he had been discriminated based on his age, disability, race, color, sex, religion, national original or how he believed he had been discriminated against. *Addendum* at ¶ 3. He responded that he had been discriminated against for filing a grievance. *Id.*

According to Schalski, he received a write-up for missing a day of work. *Addendum* at ¶ 3. Schalski did not have approved leave for the time he missed from work. *Id.* at ¶ 6.

Had he just taken the write up, Schalski believes he would still have his job. *Addendum* at ¶ 3. However, he thought it was unfair so he filed a grievance through the union. *Id.* Schalski

-1-

AO72A
(Rev. 8/82)

states he missed that day because there had been a fire at his home and he had to meet with the company hired to repair it. *Id.* Schalski indicates he had to set up an account so the company could withdraw money to start fixing the house. *Id.* Schalski believed this was an important enough reason to miss work. *Id.*

Schalski indicates that when his house burnt down Whirlpool offered him no time off. *Addendum* at ¶ 3. After he received the write-up for missing work, Schalski indicates he was told by the union representative to file a grievance and bring a note from the bank and the disaster restoration company and the union would make sure the write-up was taken off. *Id.* Schalski states he did this and then Whirlpool started saying one of the notes was forged. *Id.*

Schalski indicates it eventually came out that it was. *Addendum* at ¶ 3. While he didn't know it at the time, his son had spilled juice on the note. *Id.* His wife, knowing he needed to bring the note to work the following day, rewrote the note and didn't tell Schalski about it. *Id.*

Schalski believes he was fired for writing a grievance. *Addendum* at ¶ 3. When asked the reason he was terminated, Schalski replied: "I was fired over a re-wrote note from a bank that my son spilled juice on and my wife re-wrote it without me knowing that the note was re-wrote." *Id.* at ¶ 5.

Schalski indicates his line boss, David Rhodes, was also allowed to be part of the termination decision making process. *Addendum* at ¶ 3. Schalski asserts that this is unjust because Rhodes did not like Schalski. *Id.*

Schalski did not file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). *Addendum* at ¶ 4. He states he never knew about the EEOC. *Id.* He maintains no one at Whirlpool or the union told him the EEOC existed. *Id.*

AO72A
(Rev. 8/82)

## II. Discussion

This case is subject to dismissal. First, the conduct at issue in this case does not fall within the protections of Title VII. Title VII, among other things, makes it an unlawful employment practice for an employer "to discharge any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. Schalski does not allege he was terminated because of his race, color, religion, sex, or national origin.

While there are other federal statutes that prohibit discriminatory practices such as the Americans with Disabilities Act and the Age Discrimination in Employment Act, Schalski does not argue that he was discriminated against because of a disability or because of his age. Instead, he contends he was fired because he missed a day of work, without having obtained permission to be off work, was written up for it, filed a grievance about the write up, and submitted documentation his wife had re-written to back up his grievance. No other basis of federal court jurisdiction appears to exist.

Second, if Schalski's complaint could somehow be read as asserting a Title VII claim, the claim is barred because he failed to file a timely charge of discrimination with the EEOC. Title VII establishes "an integrated, multi-step enforcement procedure" that enables the EEOC to detect and remedy discriminatory employment practices. *E.E.O.C. v. Shell Oil Co.*, 466 U.S. 54, 61-62, 104 S. Ct. 1621, 1627, 80 L. Ed. 2d 41 (1984). To maintain a discrimination lawsuit under Title VII, a plaintiff must file a charge of discrimination with the EEOC within 180 days of the allegedly discriminatory act. 42 U.S.C. § 2000e-5(e)(1).

Schalski's discharge occurred on June 14, 2005. *Addendum* at ¶ 2. He failed to file a charge of discrimination with the EEOC and his claim is now barred.

## III. Conclusion

I therefore recommend dismissal of all federal claims in this case prior to service of process on the following grounds: (1) no claim is stated under Title VII; (2) the Title VII claims are barred because Schalski failed to file a charge of discrimination within the time required; (3) no other basis for federal jurisdiction exists. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed because it fails to state a claim or states a claim that is not presently cognizable). To the extent the complaint can be read to be asserting state law claims, I recommend that this court decline to retain jurisdiction over those claims as all federal law claims have been dismissed. 28 U.S.C. § 1367(c)(3).

**Schalski has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Schalski is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of June 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)